NORTON CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35172. Promulgated May 28, 1930.

*James W. Mudge, Esq.,* and *Wm. J. Magee, C. P. A.,* for the petitioner.

*James L. Backstrom, Esq.,* for the respondent.

### OPINION.

SMITH: Section 234 (a) of the Revenue Act of 1918 provides that in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed, among other items, the following:

(8) In the case of buildings, machinery, equipment, or other facilities, constructed, erected, installed, or acquired, on or after April 6, 1917, for the production of articles contributing to the prosecution of the present war, and in the case of vessels constructed or acquired on or after such date for the transportation of articles or men contributing to the prosecution of the present war, there shall be allowed a reasonable deduction for the amortization of such part of the cost of such facilities or vessels as has been borne by the taxpayer, but not again including any amount otherwise allowed under this title or previous Acts of Congress as a deduction in computing net income. At any time within three years after the termination of the present war the Commissioner may, and at the request of the taxpayer shall, reexamine and return, and if he then finds as a result of an appraisal or from other evidence that the deduction originally allowed was incorrect, the taxes imposed by this title and by Title III for the year or years affected shall be redetermined and the amount of tax due upon such redetermination, if any, shall be paid upon notice and demand by the collector, or the amount of tax overpaid, if any, shall be credited or refunded to the taxpayer in accordance with the provisions of section 252.

Section 234 (a) (8) of the Revenue Act of 1921 uses the same language as above except that the definite date " March 3, 1924 " was substituted as marking the close of the three-year period subsequent to the termination of the war.

Section 278 (b) of the Revenue Act of 1926 provides:

Any deficiency attributable to a change in a deduction tentatively allowed under paragraph (9) of subdivision (a) of section 214, or paragraph (8) of subdivision (a) of section 234, of the Revenue Act of 1918 or the Revenue Act of 1921, may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

It is the contention of the petitioner in the instant proceeding that the above quoted provision of the 1918 Act and the corresponding provision of the 1921 Act amounts to a statutory prohibition against a *re*examination of amortization begun subsequent to March 3, 1924 (and against a *re*determination pursuant thereto) unless such reexamination was begun pursuant to a taxpayer's request made prior to March 3, 1924; that the respondent completed his original examination of the present petitioner's amortization allowance some time prior to April 8, 1924, on which date he communicated the results of his examination and the petitioner definitely accepted and acquiesced

in the results thereof, arrived at by its acquiescence letter of May 23, 1924; that the petitioner did not request any reexamination of its amortization allowance either before or after March 3, 1924; that the determination of amortization embodied in the deficiency notice of December 20, 1927, upon which the petition is based, was a *re*determination pursuant to a *re*examination of amortization initiated by the Commissioner more than two years subsequent to the completion of his original examination and determination and more than two years subsequent to March 3, 1924, and because of changes in his rules and procedure subsequent to such original determination and subsequent to March 3, 1924, and was not made pursuant to any request from the petitioner either before or after March 3, 1924, and, accordingly, is in violation of the statute and wholly without effect as the basis for the deficiency determination; that the provision of section 278(b) of the Revenue Act of 1926 extends the time for assessment and collection only in cases of a change of the deduction "tentatively allowed" whereas the deduction allowed in this case in April, 1924, was in no sense and in no degree tentative.

The respondent, on the other hand, contends that the petitioner's claim for amortization was in process of audit continuously from 1921 to 1927; that no final action by the respondent on said amortization claim was taken prior to December 20, 1927, the date of the mailing of the deficiency notice, and that the respondent is not required to make his final determination prior to March 3, 1924, and that he is not prohibited from making as many examinations as are necessary to make a correct determination.

An inspection of the language of section 234(a)(8) of the Revenue Acts of 1918 and 1921 shows that it was the intention of Congress to permit the Commissioner to redetermine the amortization allowance within three years from the termination of the World War or within three years from March 3, 1921, provided the Commissioner on his own motion began the reexamination of the amortization allowance prior to March 3, 1924, or if request was made therefor by the taxpayer prior to March 3, 1924. There is no requirement that the reexamination shall have been completed prior to March 3, 1924. *Thomas P. Beal et al., Executors*, 13 B. T. A. 677. The respondent's regulations and rulings support this position. Article 184 of Regulations 62 provides:

* * * Such tentative allowance may be redetermined on or before March 3, 1924, at the request of the taxpayer or by the Commissioner. * * *

S. M. 1782, C. B. III–2, p. 133:

In view of the positive language employed in both statutes [Revenue Acts of 1918 and 1921], it must be held that the Commissioner is without authority to take any action pursuant to a request for redetermination of amortization

with respect to returns filed under the Revenue Acts of 1918 or 1921 unless such request was filed prior to March 3, 1924.

S. M. 4226, C. B. IV–2, p. 164:

The deadline fixed by the statute, prior to which the Commissioner might, and at the request of the taxpayer should, undertake such reconsideration, had passed. So far as amortization was concerned the taxpayer's case was closed.

S. M. 4225, C. B. IV–2, p. 168:

From the foregoing language the inference is clear that March 3, 1924, was not the final date when the Commissioner's redetermination was required to be completed, but was intended as the date before which the request by the taxpayer should be made for the reexamination of the return by the Bureau must be begun.

There is no question in the instant proceeding but that the reexamination of the petitioner's claim for amortization made upon its return was prior to March 3, 1924. The contention of the petitioner is that there was a redetermination of the amortization allowance shortly subsequent to March 3, 1924, and that under that redetermination its claim was allowed in the amount of $1,002,977.30, of which amount $981,647.89 was allocated to the year 1918, and $21,615.74 to the year 1919. The petitioner contends that subsequent to such redetermination made by the respondent shortly after March 3, 1924, the respondent attempted to make a reexamination and redetermination of the amortization allowance and that the result of such reexamination and redetermination was communicated to it in the deficiency notice of December 20, 1927, which forms the basis for this proceeding.

In *Ohio Falls Dye & Finishing Works*, 16 B. T. A. 1038, the Board, in passing upon an issue involving the disallowance of an amortization deduction, said:

Of course such determination was not final in the sense that it precluded the respondent from reopening the case and adjusting or changing the allowance at any time within the prescribed statutory period. * * *

The question involved in that case was whether a certain allowance of an amortization claim communicated to the taxpayer under date of November 19, 1923, was a tentative allowance within the meaning of section 278 (b) of the Revenue Act of 1926. We held that it was not and that therefore the five-year statutory period of limitation applied and that the deficiency in tax involved in a 60-day notice under date of August 5, 1926, was barred by the general statute of limitations.

In the instant proceeding there is no question involved as to the expiration of the statute of limitations, as all adjustments made by the respondent were made within the general limitation.

The facts in the instant proceeding are substantially the same as those which obtained in *Diamond Alkali Co.* v. *Heiner*, 39 Fed. (2d) 645. In that case one examination had been made prior to March 3, 1924, and two examinations subsequent thereto, which resulted in decreasing the amortization allowance. In the course of its opinion the court stated:

Just exactly what Congress had in mind, when the above-quoted part of Section 234(a)(8) was enacted, we do not undertake to surmise; but it plainly did not intend to prevent any examination of an amortization claim after March 3, 1924, on the part of the Commissioner. To hold otherwise would be to ignore the proviso of Section 250(d) of the Revenue Act of 1921, which asserts:

"Provided, further, That in cases coming within the scope of * * * or of paragraph (8) of subdivision (a) of section 234 * * * the amount of tax or deficiency in tax due may be determined, assessed, and collected at any time; but prior to the assessment thereof the taxpayer shall be notified and given a period of not less than thirty days in which to file an appeal and be heard as hereinafter provided in this subdivision."

We are unable to accede to plaintiff's assertion that the approval of the Griffith report by the Chief of Engineers and the Chief of the Amortization Section was a determination of plaintiff's amortization allowance. It is undoubtedly true that employes in the Amortization Section regarded and spoke of such approved reports as "determinations", despite the fact that they were still subject to audit, but the fact remains that the power of determination had not yet passed from the Commissioner, and did not pass from him prior to his issue of the thirty-day letter when the taxpayer was notified of his decision and given opportunity to appeal.

We are of the opinion that the respondent did not lose his right to adjust the petitioner's claim for amortization for 1919 in accordance with the law and the facts by reason of the letter sent to the petitioner on April 8, 1924, and by reason of the petitioner's acquiescence therein as shown by the letter of May 23, 1924. The return was not completely audited for 1919 until after the last-named date. The petitioner did not fully acquiesce in the respondent's audit communicated to it under date of April 8, 1924. Whether it did or did not appears to us to be immaterial. So long as any part of that audit was in abeyance, we think the entire audit was in abeyance. In any event, we are of the opinion that the respondent does not lose his right properly to audit a return within the general statutory period of limitation simply by sending to the taxpayer a proposed audit of the return.

*Judgment will be entered under Rule 50.*